IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 8:14-cv-00775-SDM-MAP |
| vs. | ) ) |
| STAFFING CONCEPTS NATIONAL, INC. *et al.*, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION IN LIMINE NO. 1 TO BAR EVIDENCE
CONCERNING ISSUES ALREADY RESOLVED BY THE COURT**

Plaintiff Zurich American Insurance Company ("Zurich"), pursuant to the Court's Orders dated March 18, 2016 and December 7, 2016 (ECF Nos. 106, 125), respectfully submits this motion *in limine* seeking to bar Defendants from introducing at trial any evidence or argument surrounding defenses this Court has already disposed of on summary judgment and in related rulings. Following the Court's rulings, these defenses are no longer at issue in the case, and the Court has determined that the upcoming trial should be limited solely to the issue of Zurich's damages.

Numerous federal courts, both within and outside of this District, recognize that when an issue has already been decided by the Court, the issue is rendered moot and irrelevant and cannot be raised again at trial. Defendants nevertheless seek to improperly rehash at trial eight such issues (described in detail below), all eight of which have already been rejected by this Court on summary judgment. Any evidence or argument on the eight previously decided issues would be irrelevant and highly prejudicial to Zurich, and therefore barred by Federal Rules of Evidence 401, 402, and 403.

## BACKGROUND

Zurich provided workers compensation insurance to Defendants for a single relevant policy term spanning from March 1, 2011 to March 1, 2012 under twenty-one insurance policies (the "Policies"). Each of the Policies is subject to a $2,000,000 large deductible obligation. Under the Policies, Zurich pays the workers compensation claims against Defendants starting at dollar one. Defendants are then required to reimburse Zurich for losses and expenses within the $2,000,000 per claim deductible. By assuming these deductible obligations, Defendants received a significant discount of more than $14.8 million on the premium that they were required to pay Zurich at the outset.

Defendants are responsible for the outstanding deductible obligations because they are each listed as "Named Insureds" under one or more of the Policies. The deductible endorsements to the relevant Policies state that "Each Named Insured is jointly and severally liable for all deductible amounts under this policy." Based on this Policy language, the Court determined on summary judgment that Zurich had established Defendants' "obligation to pay deductibles 'up to' $2 million per claim . . . ." (Order 1, ECF No. 124; *see* ECF Nos. 122, 119.) In this respect, the Court held that each Defendant "is liable for breach of the obligation in each policy in which the [] Defendant is a 'Named Insured' to pay the deductible 'up to' $2 million per claim." (Order 7, ECF No. 119.)

Following the summary judgment rulings, all that remains is for Zurich to prove its damages at trial. This Court has already determined that the trial should be limited to the issue of Zurich's damages. (ECF No. 119 at 6; ECF No. 124.) That is, Zurich must establish at trial the precise amount owed by each Defendant within the $2 million per claim deductibles. In the joint pretrial statement, however, Defendants raised a number of defenses as to liability that were

previously decided by the Court on summary judgment. (J. Pretrial Statement 6-11, ECF No. 129.) Although the Court has already ruled against Defendants on these defenses, Defendants seek to introduce evidence and argument on the defenses at trial, necessitating this motion.

## ARGUMENT

"A Motion in Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial . . . ." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-ORL-22DAB, 2009 WL 223140, at *1 (M.D. Fla. Jan. 30, 2009) (citing *Stewart* for motion *in limine* standards); *see also Am. K-9 Detection Servs., Inc. v. Rutherfoord Int'l, Inc.*, No. 6:14-cv-1988-Orl-37TBS, 2016 WL 7183365, at *3 (M.D. Fla. May 16, 2016) ("The standards for a motion in limine are well summarized in In re: Seroquel Products Liability Litigation . . . .").

Here, Zurich brings this motion *in limine* pursuant to Federal Rules of Evidence 401 and 402 to exclude irrelevant evidence and argument concerning previously decided issues. Evidence is only relevant if it has the tendency to make a fact of the case "more or less probable than it would be without the evidence," and "the fact is of consequence to determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible, and relevant evidence may be inadmissible if another rule of evidence prohibits its introduction. Fed. R. Evid. 402. It is well

3

recognized that when an issue has already been decided by the Court, the issue is rendered moot and irrelevant, such that evidence and argument surrounding the issue is not admissible at trial.

For example, in *Williams*, the Court entered summary judgment on the Defendants' affirmative defense. *Williams v. Consol. City of Jacksonville*, No. 3:00-CV-469-J-32, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2006). Thereafter, the court granted a motion *in limine* finding that the defense and related argument could not be presented at trial. *Id.* Likewise, in *Fields*, the court granted summary judgment on an issue, and then granted a motion *in limine* seeking to exclude documents and testimony related to that issue at trial. *Fields v. Lab. Corp. of Am.*, No. 02-60338 CIV, 2003 WL 25545152, at *1 (S.D. Fla. Sept. 17, 2003).

Numerous cases are in accord. *See, e.g.*, *Millennium Labs., Inc. v. Darwin Select Ins. Co.*, No. 12-cv-2742 BAS (KSC), 2014 WL 12059026, at *2-3 (S.D. Cal. Aug. 1, 2014) (granting motion *in limine* to prevent defendant from "attempting to reargue the summary judgment motion in front of the jury"); *Rohler v. Rolls-Royce N. Am., Inc.*, No. 1:13–cv–00040–TWP–DML, 2014 WL 3405872, at *2 (S.D. Ind. July 11, 2014) (granting motion *in limine* where issue was already decided by the court on summary judgment); *Clipco, Ltd. v. Ignite Design, LLC*, No. 04 C 5043, 2005 WL 2861032, at *2 (N.D. Ill. Oct. 28, 2005) (granting motion *in limine*, in part, because "issues determined in summary judgment have no purpose or place at trial").

Based on all of this authority, Defendants should be barred from presenting evidence and argument at trial on all of the following eight issues, which were resolved by the Court on summary judgment and in its related rulings:

**1. The G&S Stock Sale.** On summary judgment, Defendant G&S Leasing Group VI, Inc. ("G&S") argued that it was not liable for the deductible obligations because the current

owners of G&S did not know about the Policies when they purchased stock from the former owners. (ECF No. 119 at 5; Am. Mot. Summ. J. 3-6, ECF No. 109; Resp. Mot. Summ. J. 2-5, ECF No. 75.) According to G&S, the current owners believed that they were purchasing a shell company with no liabilities, payroll, or expenses. (*Id.*) G&S asserted these arguments on summary judgment, and G&S repeats these same defenses in the joint pretrial statement. (*Id.*; *see* ECF No. 129 at 9.) G&S has also identified several trial exhibits related to the defenses, including copies of the stock purchase agreement. (*See* ECF No. 129-3, Trial Exs. 31, 81, 100, 101.)

The Court disposed of G&S's defenses on summary judgment. Among other things, the Court held that the change in ownership of the G&S stock "fails to eliminate suddenly the corporation's obligation." (Order 2, ECF No. 122.) The Court further recognized that G&S's stock sale and related name change did not "discharge the corporation's liability." (*Id.* at 3.) The Court then held that G&S's "argument that the former owners inaccurately represented the corporation as liability-free…might establish a misrepresentation claim against the former owners but *fails to absolve G&S Leasing of liability to Zurich.*" (*Id.* (emph. added).)

**2. The Collateral Trust Account.**  On summary judgment, Defendants argued that they were not liable for the deductible obligations because other named insureds (who are not parties to this action) entered into a deductible and retrospective rating agreement (the "Program Agreement") with Zurich, whereby the non-parties prepaid $22.1 million into a collateral trust account, and also posted a $2.5 million letter of credit. (Resp. Mot. Summ. J. 2, 8-13, 17, ECF No. 74; Mot. Adopt Resp., ECF No. 77; Resp. Mot. Summ. J., ECF No. 123; Mot. Summ. J. 9-11, ECF No. 64.) Defendants argued that they should not be held liable beyond this collateral, that this collateral discharged and off-set their current obligations, and that Zurich improperly

5

applied the collateral to other debts of the non-parties. (*Id.*) Defendants asserted these arguments on summary judgment, and Defendants repeat these same defenses in the joint pretrial statement. (*Id.*; *see* ECF No. 129 at 6-11.) Defendants also identified several trial exhibits related to the defenses, including copies of the Program Agreement, collateral trust agreement, and bank statements for the collateral trust. (*See* ECF No. 129-3, Trial Exs. 30, 33, 35-40, 52-54, 58, 60-62, 71, 76, 82-83, 99, 102-107.)

On summary judgment, the Court addressed Defendants' arguments based on the collateral trust at length, and the Court ultimately rejected these defenses. (Order 2-4, ECF No. 119.) The Court held that Defendants identified "no contractual provision that subordinates the explicit duty to reimburse Zurich for the deductible amounts to the monthly payments [for the collateral trust], which are merely a method of interim payment . . . ." (*Id.* at 4.) The Court held that "[n]owhere in the contract is the overarching obligation to pay the deductibles subordinated to, or limited by, monthly payments" into the collateral trust. (*Id.*) Instead, the Court found that each Defendant was "'jointly and severally liable for all deductible amounts' under each policy in which the [] Defendant is a 'Named Insured.'" (*Id.*)

**3. Filing of the Program Agreements.** On summary judgment, the Court considered Defendants' argument that they were not liable for the deductible obligations because the Program Agreement entered into between Zurich and the non-parties was not filed with the Florida Office of Insurance Regulation. (ECF No. 64 at 9.) Defendants repeat this argument in the joint pretrial statement. (ECF No. 129 at 8, 10.) The Court rejected this defense as "clutter and distraction" on summary judgment, noting "[t]he parties agree that 'this case does not involve the Program Agreement — Defendants are not parties to the Program Agreement and

6

Zurich has not sued them to recover any amounts due under the Program Agreement.'" (ECF No. 119 at 3 n.3, 7.)

    **4.** **Combination of Entities on Program Agreements.**  On summary judgment, Defendants argued that they were not liable for the deductible obligations because the Program Agreement signed by the non-parties impermissibly combined entities with different owners. (ECF No. 74 at 16; ECF No. 77; ECF No. 123.)  Defendants asserted this argument on summary judgment, and Defendants repeat this same defense in the joint pretrial statement.  (*Id.*; *see* ECF No. 129 at 8, 11.)  Defendants also identified several trial exhibits related to the defense, including copies of rules for combinability.  (*See* ECF No. 129-3, Trial Exs. 34, 41-49, 55-56, 65, 67-70, 72, 74-75, 78-80, 84-86, 92-98.)  The Court rejected this defense as "clutter and distraction" on summary judgment, noting "[t]he parties agree that 'this case does not involve the Program Agreement — Defendants are not parties to the Program Agreement and Zurich has not sued them to recover any amounts due under the Program Agreement.'" (ECF No. 119 at 3 n.3, 7.)

    **5.** **The Liability of Henry Hardin.**  On summary judgment, Defendants argued that they were not liable for the deductible obligations because Zurich agreed to hold someone else liable for the deductible obligations, namely Henry Hardin, the owner of several Defendants.  (ECF No. 74 at 15; ECF No. 77; ECF No. 123.)  Defendants asserted these arguments on summary judgment, and Defendants repeat this same defense in the joint pretrial statement.  (*Id.*; *see* ECF No. 129 at 6, 9.)  On summary judgment, the Court rejected this defense as "clutter and distraction" that did not negate Defendants' obligation under the governing contracts that establish "distinctly that the defendants' obligation to pay deductibles 'up to' $2 million per claim remains unmodified and unqualified." (ECF No. 119 at 7.)

**6. Florida Administrative Code Rule 690-189.006(9).** On summary judgment, the Court considered Defendants' argument that they were not liable for the deductible obligations because Zurich did not collect enough collateral pursuant to Florida Administrative Code Rule 690-189.006(9). (ECF No. 64 at 9-10.) Defendants repeat this argument in the joint pretrial statement. (ECF No. 129 at 8, 11.) On summary judgment, the Court rejected this defense as "clutter and distraction" that did not negate Defendants' obligation under the governing contracts that establish "distinctly that the defendants' obligation to pay deductibles 'up to' $2 million per claim remains unmodified and unqualified." (ECF No. 119 at 7.)

**7. Zurich's Judgment Against Non-Parties.** On summary judgment, Defendants argued that they were not liable for the deductible obligations because Zurich has already obtained an unsatisfied judgment against non-parties covering the same deductible obligations. (ECF No. 74 at 16; ECF No. 77; ECF No. 123.) Defendants asserted this argument on summary judgment, and Defendants repeat this same defense in the joint pretrial statement. (*Id.*; *see* ECF No. 129 at 8, 11.) Defendants have also identified several trial exhibits related to the defense, including copies of the arbitration award and judgment entered against the non-parties. (*See* ECF No. 129-3, Trial Exs. 37-39.) On summary judgment, the Court rejected this defense as "clutter and distraction" that did not negate Defendants' obligation under the governing contracts that establish "distinctly that the defendants' obligation to pay deductibles 'up to' $2 million per claim remains unmodified and unqualified." (ECF No. 119 at 7.)

**8. Expansion of Defendants' Client Base.** On summary judgment, the Court considered Defendants' argument that they were not liable for the deductible obligations because Zurich allowed them to imprudently expand their client base. (ECF No. 64 at 12.) Defendants repeat this argument in the joint pretrial statement. (ECF No. 129 at 8, 11.) Defendants have

8

also identified several trial exhibits related to the defense.  (*See* ECF No. 129-3, Trial Exs. 32, 50, 51, 57, 59, 63-64, 66, 73, 77, 87-91.)  On summary judgment, the Court rejected this defense as "clutter and distraction" that did not negate Defendants' obligation under the governing contracts that establish "distinctly that the defendants' obligation to pay deductibles 'up to' $2 million per claim remains unmodified and unqualified."  (ECF No. 119 at 7.)

The above and any other issues resolved on summary judgment are no longer part of the case.  Argument and evidence related to these issues is therefore irrelevant, impermissible, and must be excluded at trial pursuant to Federal Rules of Evidence 401 and 402.

To the extent any conceivable relevance remains, the argument and evidence on the resolved issues should still be excluded under Rule 403.  The Court may exclude otherwise relevant evidence if its "probative value" is "substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Rule 403 is "'an extraordinary remedy' whose 'major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'"  *Am. K-9 Detection Servs., Inc.*, 2016 WL 7183365, at *4 (quoting *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001)).

Rule 403 squarely applies here where—if Defendants are permitted to present argument and evidence on issues that have already been resolved by the Court—there is a substantial risk that the jury would be confused as to what is actually at issue in the case.  Such confusion would waste time and potentially lead to a decision on an improper basis, thereby prejudicing Zurich.

## **CONCLUSION**

For all of the above reasons, Zurich respectfully requests that this Court issue an Order barring Defendants from presenting any argument, evidence or testimony at trial related to the issues and defenses the Court has already disposed of on summary judgment and in related rulings. Consistent with the Court's Orders, the trial should be limited to the issue of Zurich's damages. Evidence and argument on previously resolved issues would be irrelevant and highly prejudicial to Zurich, and therefore must be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

Dated: May 11, 2017

ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY

 /s/  Julie L. Young

Elizabeth J. Campbell
Florida Bar Number 0027916
ecampbell@lockelord.com
LOCKE LORD LLP
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, Georgia  30305
Telephone: (404) 870-4679
Facsimile:  (404) 806-5679

Steven T. Whitmer (*pro hac vice*)
swhitmer@lockelord.com
Julie L. Young (*pro hac vice*)
jyoung@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 443-0254
Facsimile:  (312) 896-6254

## **LOCAL RULE 3.01(g) CERTIFICATION**

  Before filing this motion, counsel for Plaintiff (Julie Young) conferred with counsel for Defendants (Thomas Cushing, Stephen Stanley, and Garrett Severson) in a good faith effort to resolve the issues raised by this motion.  Defendants oppose Zurich's motion.

                     /s/ Julie L. Young


## **CERTIFICATE OF SERVICE**

I, Julie L. Young, an attorney, hereby certify that I served a copy of the foregoing on the following counsel of record through the ECF system on this 11th day of May, 2017:

Rich McIntyre
Garrett Severson
McIntyre Thanasides
501 E. Kennedy Boulevard
Suite 1900
Tampa, Florida 33602
rich@mcintyrefirm.com
garrett@mcintyrefirm.com

Christopher A. Kried
Thomas Cushing
Christopher A. Kreid & Associates, LLC
1603 Orrington Avenue
Suite 1675
Evanston, Illinois 60201
tcushing@caklaw.net

Stephen J. Stanley
Attorney & Counselor at Law
412 E. Madison Street, Suite 1111
Tampa, Florida 33602
stephenjstanley@yahoo.com

Norman Cannella, Jr.
Norman Cannella, Jr., P.A.
4037 Henderson Blvd.
Tampa, Florida 33629
canella.pa@verizon.net

/s/ Julie L. Young

Elizabeth J. Campbell
Florida Bar Number 0027916
ecampbell@lockelord.com
LOCKE LORD LLP
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, Georgia 30305
Telephone: (404) 870-4679
Facsimile: (404) 806-5679

Steven T. Whitmer (*pro hac vice*)
swhitmer@lockelord.com
Julie L. Young (*pro hac vice*)
jyoung@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0254
Facsimile: (312) 896-6254