UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN
INSURANCE COMPANY,

    Plaintiff,

v.                                                    CASE NO. 8:14-cv-775-T-23AAS

STAFFING CONCEPTS
NATIONAL, INC., et al.,

    Defendants.
_____/

## **ORDER**

In this action for breach of an insurance policy, three orders (Docs. 119, 122, and 124) grant summary judgment for Zurich on liability but deny summary judgment on damages. Three years after the complaint and ten days before the trial, the defendants move to dismiss under Rule 12(b)(1) and argue that Section 627.371, Florida Statutes, requires the "National Council on Compensation Insurance (NCCI) Dispute Resolution Services" to determine damages. (Doc. 155 at 2)

Citing *Am. Home Assurance Co. v. The Phineas Corp.*, 347 F.Supp.2d 1231 (M.D. Fla. 2004) (Lazarra, J.), and *Florida Welding & Erection Serv., Inc. v. Am. Mut. Ins. Co. of Boston*, 285 So. 2d 386 (Fla. 1973), the defendants argue that a plaintiff insurer's success in establishing contractual liability divests subject-matter jurisdiction to adjudicate damages. (Doc. 155 at 8 ("The District Court addressed justiciable matters, namely contract issues . . . Now remaining are matters suited for administrative resolution, namely, the question of damages")) Neither *Phineas Corp.*

nor *Florida Welding* supports the defendants' argument. *Phineas Corp.* (which, incidentally, observes that the defendants unduly delayed the initiation of the administrative process) holds that "none of those [administrative and state-court] proceedings impacts [the] Court's ability to determine" liability and damages. 347 F.Supp.2d at 1237. *Florida Welding* holds that an insured's failure to exhaust an administrative remedy precludes the insured's asserting as a defense a purported error in the insurer's rate calculation. 285 So. 2d at 389–90. Nothing in Section 627.371 divests subject-matter jurisdiction to adjudicate damages in an action for breach of an insurance policy. *See, e.g.*, *Phineas Corp.* (adjudicating the merits by granting summary judgment for the insurer); *Wausau Underwriters Ins. Co. v. Careers USA*, 2012 WL 12540019 (S.D. Fla. June 27, 2012) (Ryskamp, J.) (same); *Continental Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F.Supp.2d 1176 (M.D. Fla. 2010) (Whittemore, J.) (same).

Alternatively, the defendants request a stay "pending a resolution by the state administrative authorities." (Doc. 155 at 10) Although Zurich sued the defendants on April 1, 2014, the defendants waited until June 9, 2017 — ten days before the trial — to invoke the administrative process. The defendants fault Zurich for the undue delay in initiating the administrative process. (Doc. 155 at 8, which states that "Zurich never advised Defendants of the administrative process") *Florida Welding*, which explains that an insurer need not notify an insured about an administrative remedy and that a statute presumptively notifies an insured about the availability of the remedy, forecloses the defendants' notice argument. 285 So.2d at 389. The

defendants' tardy request, which prospectively prejudices Zurich by gratuitously prolonging the resolution of this action, warrants denial.  Even if the defendants timely requested a stay, the request warrants denial because Section 120.68, Florida Statute, vests in the District Courts of Appeal "exclusive" jurisdiction to review an administrative decision.  *Wausau Underwriters*, 2012 WL 12540019 at *7 (citing *State Farm Mut. Auto v. Gibbons*, 860 So. 2d 1050, 1052 (Fla. 5th DCA 2003) (Torpy, J.)).  The motion (Doc. 155) to dismiss or to stay the action is **DENIED**.

ORDERED in Tampa, Florida, on June 12, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE