UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN
INSURANCE COMPANY,

    Plaintiff,

v.                                  CASE NO. 8:14-cv-775-T-23AAS

STAFFING CONCEPTS
NATIONAL, INC., et al.,

    Defendants.
_____/

## **ORDER**

    Three years and two months after the complaint and fifteen minutes after a jury found G&S Leasing Group VI, Inc., jointly and severally liable to Zurich for $1,271,513.23, G&S Leasing asserted for the first time that the failure to join a necessary party requires dismissal. An insurance policy obligates G&S Leasing and several other named insureds (some of which Zurich declined to sue in this action) to pay "jointly and severally" a deductible. G&S Leasing moves (Doc. 164) to dismiss the action under Rule 19, Federal Rules of Civil Procedure, and argues that Zurich's failure to sue every named insured requires dismissal.

    Zurich correctly responds (Doc. 168) that the motion is untimely. The case management order (Doc. 44, which adopts Doc. 42) requires a party to submit a dispositive motion no later than August 31, 2015. G&S Leasing fails to show either good cause or excusable neglect for the nearly two-year delay in moving to dismiss. Additionally, under Rule 12(h)(2) a party may assert the failure to join a necessary

party either in a pleading, in a motion for judgment on the pleadings, or at trial. G&S Leasing's answer (Doc. 48) omits the defense, G&S Leasing submitted no motion for judgment on the pleadings, and G&S Leasing failed to raise the defense at trial. G&S Leasing cites no authority to show that a party can raise the defense for the first time after an unfavorable verdict.

Even if timely, the motion warrants denial. If two or more debtors "jointly and severally" undertake an obligation, the creditor may sue some but not all of the debtors to recover the entire debt. *See, e.g.*, *Brackin Tie, Lumber & Chip Co., Inc. v. McLarty Farms, Inc.*, 95 F.R.D. 328, 330 (S.D. Ga. 1982) (Alaimo, J.), *aff'd*, 704 F.2d 585 (11th Cir. 1983) ("[I]t is clear that, if the [debtors] are jointly and severally liable, the [creditor] may legitimately sue only one [debtor] and recover the full amount."); *see also Temple v. Synthes Corp., Ltd.*, 498 U.S. 5 (1990) (holding that a tortfeasor with "joint and several" liability is not a necessary party under Rule 19(a)). The tardy motion (Doc. 164) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on July 20, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE