UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                    Case No: 8:14-cv-775-T-23AAS

STAFFING CONCEPTS NATIONAL INC. et
al,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Compel Post-Judgment Discovery (Doc. 201) and Defendants' response thereto (Doc. 214).[1]

### I.    BACKGROUND

On June 23, 2017, following a five day trial, the jury entered verdicts in favor of Plaintiff Zurich American Insurance Company and against Defendants Leasing Resources of America 2, Inc., Leasing Resources of America 3, Inc., Leasing Resources of America 4, Inc., LRA Global HR, Inc., LRA HR Outsourcing, Inc., and G&S Leasing Group VI, Inc. f/k/a Leasing Resources of America 5, Inc. (collectively, "Defendants") in the aggregate amount of over $9 million. (Doc. 162).

On July 21, 2017, this Court entered judgments in accordance with the jury's verdicts. (Docs. 171-178). On August 9, 2017, Plaintiff issued post-judgment document requests,

---

[1] Defendants Leasing Resources of America 2, Inc., Leasing Resources of America 3, Inc., Leasing Resources of America 4, Inc., LRA Global HR, Inc., LRA HR Outsourcing, Inc.'s Response in Opposition to Plaintiff's Motion to Compel (Doc. 214) was adopted by Defendant G&S Leasing Group VI, Inc. f/k/a Leasing Resources of America 5, Inc. (Docs. 215, 216).

1

interrogatories, and deposition notices to Defendants. (Doc. 201-1, -2, -4). To date, Defendants have not responded to the post-judgment discovery. On August 18, 2017, Defendants filed renewed motions for judgment as a matter of law or, alternatively, for a new trial. (Docs. 184, 185).

On September 18, 2017, Plaintiff filed the instant Motion to Compel Post-Judgment Discovery requesting that this Court enter an Order requiring that Defendants produce documents, information, and representatives responsive to Plaintiff's post-judgment discovery requests and deposition notices. (Doc. 201). On October 2, 2017, Defendants filed a Response in Opposition to Plaintiff's Motion, arguing that no post-judgment discovery should go forward until after the Court rules on their pending post-trial motions. (Doc. 214). Accordingly, this matter is ripe for review.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 62, there is a 14-day automatic stay on execution of the judgments. The Court entered the judgments on July 21, 2017 (Docs. 171-178); therefore, the automatic stay in this action expired on August 4, 2017. Following the automatic stay, a judgment creditor, in aid of the judgment or execution, is permitted to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69.

Under Rule 62, post-trial motions do not stay discovery unless "[o]n appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(b). Although the court has broad discretion, "normally the party seeking a stay is required to post a bond sufficient to protect fully the prevailing party's interest in the judgment." *Cont'l Cas. Co. v. First Fin. Emp. Leasing*, No. 8:08-cv-2372-T-27TGW, 2010 WL 5421337, at *1 (M.D. Fla. Dec. 27, 2010) (internal quotations and

citations omitted). "The burden is on the party requesting a stay to demonstrate why a bond should not be required under Rule 62(b)." *Id.* (citation omitted). To satisfy this burden, Defendants "must show that, in the absence of standard security, Plaintiff[] will be properly secured against the risk that Defendant[s] will be less able to satisfy the judgment after disposition of the post-trial motions." *Id.* (citation omitted).

Here, Defendants have failed to address the general requirement that they must post security to stay proceedings under Rule 62(b)(4). Defendants' sole argument in opposition to Plaintiff's motion is that, pursuant to state law, post-judgment discovery should not go forward until after the Court rules on their pending post-trial motions. The Court disagrees. Where, as here, a stay has not been issued and security has not been posted, the judgment creditor may seek post-judgement discovery. *See Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 298 F.R.D. 692, 693 (M.D. Fla. 2014) (applying Florida law in conjunction with Rules 62 and 69 of the Federal Rules of Civil Procedure); *Wells Fargo Bank, N.A. v. Beemer & Assocs. XLVII, L.L.C.*, No. 3:10-cv-576-J-32JBT, 2014 WL 5038333, at *3 (M.D. Fla. Sept. 25, 2014).

### III. CONCLUSION

Accordingly, and for the reasons stated herein, it is **ORDERED** that Plaintiff's Motion to Compel Post-Judgment Discovery (Doc. 201) is **GRANTED**. Defendants shall respond to Plaintiff's post-judgment document requests and interrogatories no later than **October 31, 2017**. Further, in conformity with Section II.A.1 of the Court's Handbook on Civil Discovery Practice, counsel shall work together to schedule the requested post-judgment depositions on dates agreeable to both sides. Each party shall bear their own fees and costs incurred in relation to this motion. *See* Fed. R. Civ. P. 37(a)(5).

**DONE and ORDERED** in Tampa, Florida on this 10th day of October, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge