UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                              Case No.: 8:14-cv-775-T-23AAS

STAFFING CONCEPTS NATIONAL, INC.,
et al.,

    Defendants.
_____/

## ORDER

Zurich American Insurance Company ("Zurich") moves for issuance of a writ of garnishment on a judgment obtained against G&S Leasing Group, VI, Inc. (Doc. 221). That judgment (Doc. 178) is on appeal. (Doc. 248).

Pursuant to Fed. R. Civ. P. 69(a), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Under Florida law, garnishment is governed by Fla. Stat. § 77.01, et. seq. The statute provides:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.

Fla. Stat. § 77.01.

"After judgment has been obtained against defendant but before the writ of garnishment is

issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment." Fla. Stat. § 77.03., "[A] debt, to be subject to garnishment, must be due absolute and without contingency." *Tomlin v. Anderson*, 413 So. 2d 79, 82 (Fla. 5th Dist. Ct. App. 1982) (citing *Cobb v. Walker*, 198 So. 324 (1940)). "If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an 'indebtedness due' as contemplated by the statute to which a writ of garnishment can apply." *Id.* (citing *West Fla. Grocery Co. v. Teutonia Fire Ins. Co.*, 77 So. 209 (1917)). Thus, the Court will not proceed with enforcing a judgment that remains subject to appellate review. *See Rossi v. Billmyre*, No. 215-CV-180-FTM-29MRM, 2017 WL 3131103, at *2 (M.D. Fla. July 24, 2017); *Florida Steel Corp. v. A. G. Spanos Enters, Inc.*, 332 So. 2d 663, 664 (Fla. 2d Dist. Ct. App. 1976).

Accordingly, it is **ORDERED** that Zurich's Fourth Motion for Writ of Garnishment After Judgment (Doc. 221) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida this 20th day of December, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge