UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                      Case No.: 8:14-cv-775-T-23AAS

STAFFING CONCEPTS NATIONAL, INC.,
et al,
    Defendants.
_____/

# ORDER

Leasing Resources of America 2, Inc., Leasing Resources of America 3, Inc., Leasing Resources of America 4, Inc., LSA Global HR, Inc., and LRA HR Outsourcing, Inc. ("LRA") request a stay of the garnishment proceedings pending resolution of its appeal of Zurich's over $4.5 million judgment against LRA. (Doc. 251). In addition, Zurich American Insurance Company ("Zurich") requests that the court reconsider its order denying without prejudice Zurich's Fourth Motion for Writ of Garnishment after Judgment (Doc. 221). (Doc. 254). The defendants did not respond to this motion.

**A. LRA's Motion to Stay Garnishment Proceedings (Doc. 251)**

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of garnishment proceedings pending appeal by posting a supersedeas bond. The purpose of the supersedeas bond is to secure the prevailing party against the risk that the judgment debtor will be unable to meet its obligations if its appeal does not succeed. "If no bond is posted, the judgment creditor may execute on the judgment during the appeal." *Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012). "If the judgment is reversed, then the appellant is entitled to have its property restored by the appellee." *Id.* Thus, unless the judgment

debtor posts a supersedeas bond, the judgment creditor's execution of the judgment should go forward.

Here, LRA has not posted a supersedeas bond. Therefore, LRA's requested stay is not warranted and the motion is denied.

**B. Zurich's Motion to Reconsider December 20, 2017 Order (Doc. 254)**

Similarly, LRA's co-defendant G&S Leasing Group VI, Inc. ("G&S") has not posted a supersedeas bond. Thus, the court erred in its prior order denying without prejudice Zurich's Fourth Motion for Writ of Garnishment after Judgment (Doc. 221). (Doc. 250). Because G&S has not posted a supersedeas bond, the garnishment proceedings that are the subject of Zurich's Fourth Motion for Writ of Garnishment after Judgment (Doc. 221) should proceed.

Rule 69 of the Federal Rules of Civil Procedure provides that a money judgment is enforced by a writ of garnishment. Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Florida law provides a right to a writ of garnishment to judgment creditors to help satisfy a money judgment. Fla. Stat. § 77.01. To obtain a writ of garnishment, the judgment creditor must file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The writ must direct the garnishee to answer the writ within twenty (20) days and state the amount named in the judgment creditor's motion. Fla. Stat. § 77.04.

On July 21, 2017, Zurich obtained judgments against the defendants, including a judgment against G&S in the amount of $1,271,513.23. (Doc. 178). Zurich's judgment against G&S remains due and owing. Based on the information provided by Zurich to the court, G&S maintains a bank account with Bank of America, and Bank of America may therefore be in the possession of funds belonging to G&S. (Doc. 221). Attaching a proposed writ that directs Bank of America to

respond within twenty (20) days and that states the amount named in the judgment creditor's motion as required by statute, Zurich had moved for a writ of garnishment against Bank of America. (*Id.*). Although the court previously denied that request without prejudice due to the pending appeal, the court now reconsiders that decision and concludes that it erred.

Accordingly, it is **ORDERED:**

(1) LRA Defendants' Motion to Stay Garnishment Proceedings (Doc. 251) is **DENIED**.

(2) Zurich's Motion to Reconsider December 20, 2017 Order (Doc. 254) is **GRANTED**.

(3) The Clerk of Court shall issue a writ of garnishment to Bank of America using the form attached to Zurich's original motion and the address for Bank of America contained in the form (Doc. 221, Ex. A). The writ shall include copies of the following:

   a. Zurich's Fourth Motion for Writ of Garnishment After Judgment (Doc. 221),

   b. this order, and

   c. the judgment (Doc. 178).

**ORDERED** in Tampa, Florida on this 23rd day of January, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge