UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                            Case No.: 8:14-cv-775-T-23AAS

STAFFING CONCEPTS NATIONAL, INC.
et al.,

    Defendants.
_____/

## ORDER

        G&S Leasing Group VI, Inc.'s ("G&S") moves to dissolve the Writ of Garnishment issued to Bank of America (the "Writ"). (Doc. 277). The court directed the Clerk to issue the Writ at the request of Zurich American Insurance Company ("Zurich") in an effort to collect Zurich's unsatisfied judgments of $1,483,302 against G&S. (Doc. 258).

        G&S contends that the Writ should be dissolved because any funds in the subject Bank of America account are not the property of G&S as they were held for payroll purposes and for the benefit of "other group members."[1] (Docs. 277, 225). Zurich responds that G&S's Bank of America account is presumed to be G&S's property and G&S has not met its burden to rebut that presumption. (Doc. 281).

        Funds in a debtor's account are generally presumed to be the debtor's property. *In re Int'l Pharmacy & Discount II, Inc.*, 443 F.3d 767, 771 (11th Cir. 2005); *see Nat'l Bank of Ga. v.*

---

[1] Under Fla. Stat. § 77.16, "If any person other than defendant claims that . . . the property in the hands or possession of any garnishee is that person's property and shall make an affidavit to the effect, the court shall impanel a jury to determine the right of property . . . ." No one has supplied an affidavit to that effect.

*Kennesaw Life & Accident Ins. Co.*, 800 F.2d 1542, 1545 (11th Cir. 1986) (recognizing that in most states the name or title to a bank account creates a presumption of ownership in the titleholder).[2] Here, it is undisputed that the subject Bank of America account is in the name of G&S.

G&S contends it opened the subject Bank of America account as a "group leader" for the benefit of other "group members." (Doc. 225). However, G&S's co-owner and corporate representative, Steven Steinberg, testified that G&S was terminated as "group leader" in June 2016. (Doc. 281, Ex. A, p. 22). Zurich initiated these garnishment proceedings on November 8, 2017. (Doc. 221).

In addition, G&S's assertion that the funds in the subject Bank of America account were used solely for payroll purposes and the benefit of other "group members," is not supported by the testimony of Mr. Steinberg. (Doc. 281, Ex. A, pp. 105-10). When asked about several deposits made into the subject Bank of America account, Mr. Steinberg conceded that he did not know why the deposits were made or if they were for payroll purposes. (*Id.*).

Moreover, on November 6 and 10, 2017, Mr. Steinberg and Marshall Glass, the owners of G&S, directed that Bank of America transfer all funds remaining in the account (over $40,000) to G&S Financial, another entity jointly owned by them. (*Id.* at pp. 88-93, 98). Those transfers were not payroll checks and G&S Financial is not one of the other "group members." (*Id.*).

Finally, G&S contends that the Writ should be dissolved because the subject Bank of America account is now closed. However, G&S closed the account on January 8, 2018—after

---

[2] G&S cites *Kennesaw*, 800 F.2d 1542, to support that funds maintained for payroll purposes are not property of the debtor. (Doc. 277). Unlike in *Kennesaw*, G&S failed to meet its burden to rebut the presumption that the funds in the Bank of America account belong to G&S.

Zurich initiated these garnishment proceedings. (*See* Doc. 274, p. 2). The court agrees with Zurich's contention that G&S cannot use its own efforts to evade collection to dissolve the Writ.

Accordingly, it is **ORDERED** that G&S's Motion to Dissolve Zurich's Writ of Garnishment against Bank of America (Doc. 277) is **DENIED**.

**ORDERED** in Tampa, Florida on this 2nd day of April, 2018.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge