UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                        Case No.: 8:14-cv-775-T-23AAS

STAFFING CONCEPTS NATIONAL,
INC. et al.,

    Defendants.
_____/

**ORDER**

Zurich American Insurance Company ("Zurich") seeks an order invoking supplementary proceedings in this action, impleading third parties, and for issuance of a notice to appear. (Doc. 298).

**I.    Background**

Zurich initiated this breach of contract action against Leasing Resources of America 4, Inc. ("Leasing Resources 4") and sixteen other defendants. (Doc. 1). A jury entered verdicts in favor of Zurich and against Leasing Resources 4 on eleven counts for a total amount of $4,072,726, and judgments were entered on the verdicts. (Docs. 162, 173, 178). The court entered a subsequent judgment against Leasing Resources 4 in the additional amount of $666,686 for pre-judgment interest. (Doc. 264). Thus, Zurich ultimately obtained judgments against Leasing Resources 4 in the total amount of $4,739,412. Currently, $4,592,583 remains outstanding on the judgments. (Doc. 298, Exs. 1, 2).

1

Zurich alleges that John Edward Hardin ("Hardin"), as Leasing Resources 4's alter ego, holds or controls property that is not exempt from execution, and has obligations to Leasing Resources 4 that may be available to satisfy the judgments. (Doc. 298, Ex. 2). Likewise, Zurich alleges, Cohesive Networks, Inc. ("Cohesive"), as Leasing Resources 4's successor, holds or controls property that is not exempt from execution, and has obligations to Leasing Resources 4 that may be available to satisfy the judgments. (*Id.*).

Zurich seeks to commence proceedings supplementary to hold third parties Hardin and Cohesive liable for the judgments against Leasing Resources 4 as its alter ego and successor, respectively. (Docs. 298, 304). Leasing Resources 4, Hardin, and Cohesive oppose Zurich's motion. (Doc. 301).

## II. Analysis

### A. Proceedings Supplementary

Rule 69 instructs "the procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of execution—must accord with the procedure of the state where the court is located," unless a federal statute applies. Fed. R. Civ. P. 69(a)(1). Under Florida law, judgment creditors who file a motion and an affidavit stating that they hold an unsatisfied judgment or judgment lien are entitled to proceedings supplementary to execution. Fla. Stat. § 56.29(1). Therefore, all that is required to initiate proceedings supplementary is that "the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Fundamental Long Term Care Holdings, LLC v.*

*Estate of Jackson ex rel. Jackson-Platts*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012); *Longo v. Associated Limousine Servs., Inc.*, No. 4D17-516, 2018 WL 527016, at *3 (Fla. 4th DCA Jan. 24, 2018) ("[B]ecause the judgment creditor submitted a motion and affidavit in compliance with section 56.29(1), the trial court erred in denying proceedings supplementary altogether.").

Zurich's senior litigation specialist Bohdan Gursky and its outside counsel Julie L. Young declare that Leasing Resources 4 failed to satisfy the judgments, and that the vast majority of the judgments against Leasing Resources 4 "remain valid and outstanding." (Doc. 298, Exs. 1, 2). Therefore, the requirements of Fla. Stat. § 56.29(1) are satisfied and Zurich is entitled to proceedings supplementary to execution.

### B. Description of Third Parties' Property in Affidavit and Notice to Appear

Section 56.29(2) of the Florida Statutes "governs the process for bringing third parties into proceedings supplementary." *Longo*, 2018 WL 527016, at *3, *4; *see Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st DCA 2017) (citations omitted) ("After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. But the rights of any third-party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests."). The first sentence in Section 56.29(2) requires the Section 56.29(1) motion or a supplemental affidavit "describe any property of the judgment debtor not exempt from execution in the hands of any person

or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Upon the judgment creditor filing this motion and affidavit, the court shall issue a "Notice to Appear," which "must describe *with reasonable particularity* the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat. § 56.29(2) (emphasis added).

Leasing Resources 4 argues Zurich does not describe with reasonable particularity the property that may be available to satisfy the judgments. (Doc. 301, pp. 3-6). For support, Leasing Resources 4 cites *KHI Liquidation Trust v. S&T Painting*, No. 8:17-mc-133-T-35JSS, 2018 WL 1726435 (M.D. Fla. Apr. 10, 2018). In *KHI,* the court decided the notices to appear did not adequately describe the property available to satisfy the judgment because the notices broadly referred to "any property." *Id.* at *2. The court allowed movants to amend the notices to appear and ultimately granted the motion and issued the more detailed notices. *Id.* at *4. The more detailed notices to appear issued in *KHI* are nearly identical to those at issue here. (*See* Doc. 298, Ex. 3; Doc. 304, Ex. 2).

The notice to appear procedure under section 56.29(2) advises third parties like Hardin and Cohesive of their property, debt, or other obligation due to the judgment debtor that may be available to satisfy the judgment. The notice to appear also must advise the third parties of their opportunity to present defenses, must indicate to the third parties that discovery consistent with the rules of civil procedure is available, and must advise the third parties they have a right to a jury trial. Fla. Stat. § 56.29(2). Zurich's proposed Notices to Appear in Proceedings Supplementary

4

describe the property at issue with reasonable particularity and also otherwise comply with Section 56.29(2). (Doc. 298, Ex. 3).

## III. CONCLUSION

Accordingly, Zurich's Motion to Commence Proceedings Supplementary, Implead Third Party, and Issue Statutory Notice to Appear (Doc. 298) is **GRANTED**. Zurich may file and serve its impleader complaint. The issued Notices to Appear are attached to this order and may be served in accordance with Fla. Stat. § 56.29(2).

**ORDERED** in Tampa, Florida on October 16, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge