UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                      Case No. 8:14-cv-775-T-23AAS

JOHN EDWARD WALKER HARDIN,
LEASING RESOURCES OF AMERICA 4,
INC., and COHESIVE NETWORKS, INC.,

    Defendants.
_____/

## ORDER

John Edward Walker Hardin (John Hardin), Leasing Resources of America 4, Inc. (Leasing Resources), and Cohesive Networks, Inc. (Cohesive) (collectively, Defendants) filed a suggestion of bankruptcy and move to enforce an automatic stay of this impleader action. (Doc. 327). Defendants also seek a protective order staying discovery pending a ruling on the motion to enforce an automatic stay. (Doc. 330).

## I.    BACKGROUND

Zurich American Insurance Company (Zurich) obtained judgments against Leasing Resources following a jury trial. (Docs. 162, 173, 178). Zurich alleges it cannot collect on the judgments because John Hardin, the sole owner of Leasing Resources, depleted Leasing Resources' assets and transferred Leasing Resources' business to Cohesive, another entity owned by John Hardin. (Doc. 306). Zurich seeks to hold John Hardin and Cohesive responsible for Leasing Resources' debt. (Docs. 298, 305).

1

Defendants request an automatic stay of this impleader action because nonparty Henry Hardin, John Hardin's brother, filed for bankruptcy. (Doc. 327). Defendants also seek a protective order staying discovery pending a ruling on the motion to enforce the automatic stay. (Doc. 328). Opposing the motion, Zurich argues Defendants lack standing to request the automatic stay and Zurich does not seek to recover any property belonging to Henry Hardin's bankruptcy estate. (Docs. 329, 330).

## II. ANALYSIS

Enforcing an automatic stay after a suggestion of bankruptcy serves two purposes: (1) relieving *the debtor* from added financial pressure during bankruptcy proceedings, and (2) protecting creditors by preventing the premature disbursement of *the bankruptcy debtor's estate*. *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir. 1992) (emphasis added). To have standing, a party must assert an injury within the zone of interests of the Bankruptcy Code. *In re Cole*, 552 B.R. 903, 910-11 (Bankr. N.D. Ga. 2016) (citation omitted).

Defendants are not bankruptcy debtors and do not assert an injury within the zone of interests of the Bankruptcy Code. Zurich is not seeking to recover property in Henry Hardin's bankruptcy estate and, under the Bankruptcy Code, only "property of the estate" is protected by the automatic stay. *See* 11 U.S.C. 362 (a)(2)-(3). The orders cited by Defendants are not persuasive because they involve bankruptcy debtors requesting enforcement of automatic stays. (Docs. 327, 328). *See In re Horne*, 876 F.3d 1076, 1078 (11th Cir. 2017) (debtor sought to enforce an automatic stay in

an action against him); *In re Jefferson County, Alabama*, 491 B.R. 277 (Bankr. N.D. Ala. 2013) (the court enforced an automatic stay in an action in which the debtor was a third-party defendant); *In re Fiddler's Creek*, No. 9:10-bk-03846-ALP, 2010 WL 6618876 (Bankr. M.D. Fla. Sept. 15, 2010) (debtor sought enforcement of automatic stay in an action brought against its alter ego), *In re Kaiser Aluminum Corporation*, 315 B.R. 655 (Bankr. D. Del. 2004) (debtor sought enforcement of automatic stay in an action seeking to recover insurance premiums claimed by the debtor); *In re Lomas Financial Corporation*, 117 B.R. 64 (Bankr. S.D.N.Y. 1990) (debtor sought enforcement of automatic stay in action against the debtor's principals for misrepresentations made in their capacity as officers of the debtor). Henry Hardin is the bankruptcy debtor and is not a party to this impleader action.

Although Defendants claim alter ego actions are property of a bankruptcy estate, that is only true when the debtor is part of the alleged alter ego relationship. *See In re Icarus Holding, LLC*, 391 F.3d 1315, 1319-20 (11th Cir. 2004); *In re Fundamental Long Term Care, Inc.*, 501 B.R. 770, 773-74 (Bankr. M.D. Fla. 2013). Zurich does not allege either bankruptcy debtor Henry Hardin or his alter ego[1] Professional Management Services Group, Inc. (PMSG) is the alter ego of John Hardin, Leasing Resources, or Cohesive.

Defendants argue shareholder derivative actions are property of a bankruptcy estate. But this applies only when a shareholder of the bankruptcy debtor asserts a

---

[1] In a separate action brought by Zurich against Henry Hardin, a jury in the Northern District of Georgia concluded Henry Hardin is the alter ego of PMSG. (Doc. 327, Ex. 3).

3

derivative action. *See, e.g., In re Gen. Dev. Corp.*, 179 B.R. 335, 337 (Bankr S.D. Fla. 1995). Here, Zurich does not assert a derivative claim as a shareholder of debtor Henry Hardin (or PMSG).

Defendants also claim they are entitled to an automatic stay because fraudulent transfer actions are property of a bankruptcy estate. Again, that is only true when a bankruptcy debtor is alleged to possess fraudulently transferred property. *See, e.g., Axiom Worldwide, Inc. v. HTRD Grp. Hong Kong Ltd.*, No. 8:11-cv-1468-T-33TBM, 2015 WL 9673589, at *4 (M.D. Fla. Dec. 8, 2015). Zurich does not allege John Hardin, Leasing Resources, or Cohesive fraudulently transferred property to Henry Hardin or PMSG. (*See* Doc. 306). This impleader action asserts causes of action for alter ego and successor liability against John Hardin and Cohesive to enforce the judgment Zurich obtained against Leasing Resources. (*Id.*).

John Hardin, Leasing Resources, and Cohesive are not bankruptcy debtors and Zurich is not seeking to recover from Henry Hardin's bankruptcy estate. Accordingly, Defendants are not entitled to an automatic stay or a protective order.

## III. CONCLUSION

For these reasons, it is **ORDERED**:

(1) The Motion to Enforce Automatic Stay (Doc. 327) is **DENIED**; and

(2) The Motion for Protective Order (Doc. 328) is **DENIED**.

**ENTERED** in Tampa, Florida, on May 16, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge