UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                        Case No.: 8:14-cv-775-T-23AAS

JOHN EDWARD WALKER HARDIN,
LEASING RESOURCES OF AMERICA 4,
INC., and COHESIVE NETWORKS, INC.,

    Defendants.
_____/

**ORDER**

John Edward Walker Hardin, Leasing Resources of America 4, Inc. (Leasing Resources), and Cohesive Networks, Inc. (Cohesive) (collectively, the defendants) move to quash subpoenas served on Bank of America, N.A., Wells Fargo, N.A., Cohen & Grieb, P.A., and Morgenstern, Phifer & Messina, P.A. (Docs. 331, 332). In the alternative, the defendants request a protective order preventing the subpoenaed discovery. (*Id.*). Zurich American Insurance Company (Zurich) moves to compel the defendants to produce Hardin's financial records. (Doc. 335).

**I.    BACKGROUND**

Zurich obtained judgments against Leasing Resources for over $4.7 million following a jury trial and verdict in Zurich's favor. (Docs. 162, 173, 178). Zurich alleges it collected only a small fraction on the judgments because Hardin, the sole owner of Leasing Resources, depleted Leasing Resources' assets and transferred Leasing Resources' business to Cohesive, another entity owned by Hardin. (Doc. 306).

1

Zurich initiated these supplementary proceedings seeking to hold John Hardin and Cohesive responsible for Leasing Resources' debt based on the doctrines of alter ego and successor liability. (Docs. 298, 305).

Zurich served subpoenas requesting Hardin's bank account statements and related records from Bank of America and Wells Fargo. (Doc. 331, Exs. 2, 3). Zurich also served subpoenas seeking Mr. Hardin's accounting records from two separate accounting firms. (Doc. 332, Exs. 2, 3). The defendants moved to quash the subpoenas or for a protective order preventing disclosure of the requested financial records. (Docs. 331, 332). Zurich opposes the defendants' motions to quash subpoenas or for a protective order. (Docs. 333, 334). According to the defendants' supplemental statement, after a partial resolution of the two motions to quash or for a protective order, the only issue remaining in dispute is whether these banks and accounting firms must produce Hardin's financial statements, tax returns, bank records, and credit card statements to Zurich. (Doc. 336, p. 2).

By separate motion, Zurich moves to compel production of Hardin's financial records in response to Zurich's document request nos. 11, 17, 37, and 41. (Doc. 335). The defendants oppose Zurich's motion to compel. (Docs. 337, 341, 346).

II. ANALYSIS

    **A. The Defendants' Motions to Quash Subpoenas or for a Protective Order (Docs. 331, 332)**

The defendants move to quash the subpoenas under Federal Rule of Civil Procedure 45 or for a protective order under Federal Rule of Civil Procedure 26(c).

(Docs. 331, 332). Zurich argues the defendants lack standing to quash the third-party subpoenas and failed to establish good cause for a protective order. (Docs. 333, 334).

    **1.    Standing**

Under Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Ordinarily a party lacks standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)[1]; see also *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (same).

A party challenging a subpoena seeking the party's financial records from another source lacks standing to move to quash the subpoena under Rule 45. *See Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, No. 2:15-cv-311-FtM-29CM, 2015 WL 9031929, at *2 (M.D. Fla. Dec. 16, 2015) (collecting cases). In *Auto-Owners Ins. Co. v. Southeast Floating Docs, Inc.*, the defendants moved to quash third-party subpoenas requesting the defendants' financial records. 231 F.R.D. 426, 428 (M.D. Fla. Sep. 28, 2005). The court concluded the

---

[1] In *Bonner v. City of Richard*, 661 F.2d 1206, 1207 11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered before October 1, 1981.

3

> financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore Defendants fail to establish a "personal right" regarding the records . . . Therefore, Defendants do not have standing under rule 45 to quash the subpoenas regarding financial records.

*Id.* at 429.

To the court's knowledge, third-parties Bank of America, N.A., Wells Fargo, N.A., Cohen & Grieb, P.A., and Morgenstern, Phifer & Messina, P.A. have not objected to or otherwise opposed production of the Hardin's financial records. Like the defendants in *Auto-Owners Ins. Co.*, the defendants have not proven a personal right or privilege in the documents sought and lack standing to challenge the third-party subpoenas. Thus, the defendants' motion to quash the subpoenas at issue is denied.

### 2. Good Cause for a Protective Order

Although the defendants lack standing to challenge the subpoenas under Rule 45, they have standing to move for a protective order under Rule 26 if the subpoenas seek irrelevant information. *Auto-Owners*, 231 F.R.D. at 429. Under Rule 26(c), "the court where the action is pending . . . may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). When evaluating whether a movant has satisfied his burden of establishing good cause for a protective order, a court should balance the non-moving party's interest in obtaining discovery against the moving party's

4

harm that would result from the discovery. *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Zurich seeks to collect from Hardin, as Leasing Resources' alter ego, judgments Zurich obtained against Leasing Resources. An "important factor" in determining alter ego liability is "whether corporate funds were used for the individual's benefit." *Eckhardt v. United States*, 463 F. App'x 852, 856 (11th Cir. 2012). Courts also look to whether the alleged alter ego engaged in improper conduct by "commingling funds of the corporation with funds of other corporations and with personal funds." *Omega Psi Phi Fraternity, Inc. v. HCE Grp. of Co.*, No. 11-cv-80479, 2011 WL 13228098, at *3 (S.D. Fla. Oct. 19, 2011); *see also Sec. & Exch. Comm'n v. Torchia*, No. 1:15-CV-3904-WSD, 2016 WL 6212002, at *3 (N.D. Ga. Oct. 25, 2016) (holding commingling of funds and treatment by an individual of corporate assets as his own are factors for determining whether to pierce the corporate veil based on the theory of alter ego); *Guarantee Ins. Co. v. Brand Mgmt. Serv. Inc.*, No. 12-61670-CIV, 2013 WL 11971273, at *2 (S.D. Fla. Dec. 23, 2013) (holding that the plaintiffs had a compelling need for tax returns as for its alter ego claim).

Hardin's financial statements, tax returns, bank records, and credit card statements are relevant to Zurich's claim for alter ego liability. (*See* Doc. 334, Ex. B, *Zurich v. Henry Hardin*, No. 1:16-cv-02312, at *2 (N.D. Ga. April 27, 2017) (ordering production of personal tax returns, bank statements, credit card statements, and financial statements from alleged alter ego)).

5

Hardin's financial records are also relevant to Zurich's successor liability claim. To establish a claim for successor liability one or more of these grounds must be present: a) the transaction is a de facto merger; b) the successor is a mere continuation of the predecessor; or c) the transaction is a fraudulent effort to avoid the liabilities of the predecessor. *Murphy v. Blackjet, Inc.*, No. 13-80280-CIV, 2016 WL 3017224, at *4 (S.D. Fla. May 26, 2016). Hardin's financial statements, tax returns, bank records, and credit card statements are relevant to all three grounds for successor liability because transfers would show a continuation of corporate assets and operations and improper channeling of funds. *See id.*

"It is the movant's burden to establish that compliance with a subpoena would result in an undue burden." *Eastwood Enters., LLC v. Farha*, No. 8:07-CV-1940, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010). Here, it is the subpoenaed third-parties' burden to produce the requested documents. To the extent the defendants have confidentiality concerns, the court entered an Agreed Protective Order under which the defendants can designate the records as "Confidential Information." (*See* Doc. 321).

The subpoenas are sufficiently narrowed to Hardin's financial statements, tax returns, bank records, and credit card statements. The balance weighs in favor of Zurich and, thus, the defendants' request for a protective order is denied.

**B.    Zurich's Motion to Compel**

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). "Unless

6

otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *Farnsworth*, 758 F.2d at 1547.

Zurich moves to compel Hardin's bank records, credit card statements, tax returns, and financial statements in response to Zurich's document request nos. 11, 17, 37, and 41. (Doc. 335). The specific requests and responses are:

> **Request No. 11 (Hardin's bank records):** All Documents and Communications Relating to any bank accounts maintained by Hardin, including but not limited to any monthly statements, quarterly statements, annual statements, cancelled checks, wire transfers, deposits, receipts, confirmations, and all other information for any account where Hardin is an account holder, beneficiary, co-account holder, or co-beneficiary, including but not limited to the statements for any checking or savings accounts at Bank of America, Wells Fargo, or The Brand Banking Company.
>
> ***Response*:** Objection, overbroad and unduly burdensome.
>
> * * * *
>
> **Request No. 17 (Hardin's credit card statements)**. All Documents and Communications Relating to any credit cards or debit cards maintained by Hardin, including but not limited to any monthly statements, quarterly statements, annual statements, and all other information for any account where Hardin is an account holder or co-account holder.
>
> ***Response***: Objection, overbroad, unduly burdensome, and irrelevant.

7

* * * *

**Request No. 37 (Hardin's tax returns)**: Hardin's state and federal income tax returns, including but not limited to draft and final returns, tax preparer's notes, Communications to or from the IRS, and Communications to or from any arm of the state or federal government Relating to taxes.

***Response***: Objection, overbroad and unduly burdensome, and violation of the accountant-client privilege.

* * * *

**Request No. 41 (Hardin's financial statements)**: Hardin's financial statements, including but not limited to all draft and final monthly, quarterly, and annual statements, preparer's notes, and Communications to or from the preparer.

***Response***: Objection, overbroad and unduly burdensome, and violative of the accountant-client privilege.

Federal Rules of Civil Procedure 34(b)(2)(B) provides discovery responses must be stated with specificity. *See* Middle District Discovery (2015) at 12 ("Objections to requests for production should be specific, not generalized . . .. Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case.").

In response to Zurich's discovery requests, the defendants state boilerplate objections including overbroad and unduly burdensome (in response to request nos. 11, 17, 37, and 41) and irrelevant (in response to request no. 17), without further explanation of why Zurich's discovery requests are improper. *See Miccosukee Tribe of Indians of Florida v. Cypress*, No. 12-22439-CIV, 2013 WL 10740706, at *1 (S.D. Fla. June 28, 2013) ("When a party responds to a discovery request with objections,

it must do so in a [clear] and unambiguous manner, and must include a supporting explanation or justification for the objections."); *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-FtM-36SPC, 2011 WL 3841557, at *3 (M.D. Fla. Aug. 29, 2011) ("Defendant must state specific grounds for each objection.").

Boilerplate or general objections constitute a waiver of the objections to the discovery sought. *See Spencer v. City of Orlando, Florida*, no. 6:15-cv-345-Orl-37TBS, 2016 WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) (concluding that objections that are "are too vague and nonspecific" fail to "preserve any objection to the requested discovery."). Consequently, the defendants waived any objections, other than privilege, to the discovery requests. Rather than grant Zurich's motion to compel on this basis alone, the court will consider the defendants' proffered objections.

1. **Accountant-Client Privilege**

Accountant-client privilege protects certain "confidential communications" between Hardin and his accountants that are "not intended to be disclosed to third persons other than: (1) those to whom disclosure is in furtherance of the rendition of accounting services to the client; (2) those reasonably necessary for the transmission of the communication." *TIC Park Centre 9, LLC v. Cabot*, No. 16-24569-Civ, 2017 WL 9988745, at *9 (S.D. Fla. June 9, 2017) (citing Fla. Stat. § 90.5055(1)(c)). The defendants have not established that the required elements have been satisfied.

Zurich agreed to limit its request to the tax returns themselves, excluding communications with the accountant. (*See* Doc. 335, Ex. D). Tax returns do not

9

constitute a "confidential communication" implicating the privilege. *See, e.g., Jeld-Wen, Inc. v. Nebula Glass Int'l Inc.*, No. 07-22326-CIV, 2008 WL 11333314, at *3–4 (S.D. Fla. Feb. 26, 2008) ("tax returns are not privileged" and "any underlying factual information would not be protected from disclosure"). Thus, the defendants' accountant-client privilege objection is overruled.

### 2. Overbroad and Unduly Burdensome

Claims of overbreadth and undue burden should be supported by specific information demonstrating how the request is overly broad and unduly burdensome. *Bank of Mongolia v. M & P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009); *see also Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (holding that "courts should only limit discovery 'based on evidence of the burden involved, not on a mere recitation that the discovery request is unduly burdensome.'"). The defendants failed to demonstrate how production of Hardin's financial statements, tax returns, bank records, and credit card statements is overbroad or unduly burdensome. Rather, Zurich's document requests are appropriately limited to January 1, 2010, when Leasing Resources entered its insurance program with Zurich, through the present. (Doc. 335, Ex. A, ¶ O). Thus, the defendants' overbroad and unduly burdensome objections are overruled.

### 3. Relevance

The defendants object to Zurich's requests for Hardin's credit card statements as irrelevant. Because credit card statements would show charges Hardin made on behalf of Leasing Resources, the statements are relevant to determining whether

Hardin commingled corporate and personal funds. (*See* Doc. 335, Ex. C, Zurich, Case No. 1:16-cv-02312) (ordering production of personal credit card statements from alleged alter ego). Thus, the defendants' relevance objection is overruled.

* * * *

Zurich's document request nos. 11, 17, 37, and 41 seek documents that are relevant and proportional to this action. The defendants' objections are without merit and overruled.

### 4. Attorney's Fees

Under Federal Rule of Civil Procedure 37(a)(5), if the court grants a motion to compel, the court must award the prevailing party reasonable expenses, including attorney's fees, incurred as a result of submitting the motion. Fed. R. Civ. P. 37(a)(5). The court must give the losing party an opportunity to be heard and the court must not award fees if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Id.*

Here, Zurich conferred with the defendants in good faith before submitting its motion to compel. (Doc. 335, p. 14). The defendants also had the opportunity to respond to Zurich's request for attorney's fees. (Doc. 337). The defendants failed to substantially justify their objections. Therefore, Zurich's request for attorney's fees

11

is granted in conformity with Rule 37(a)(5).

### III. CONCLUSION

Accordingly, it is **ORDERED:**

(1) The defendants' motions to quash subpoenas or for a protective order (Docs. 331, 332) are **DENIED**.

(2) Zurich's motion to compel (Doc. 335) is **GRANTED**. The defendants must produce the requested financial statements, tax returns, bank records, and credit card statements by **July 30, 2019**. Also, by **July 30, 2019**, the parties must confer in good faith to stipulate to the reasonable attorney's fees Zurich incurred related to its motion to compel. If the parties fail to stipulate to reasonable attorney's fees incurred, then, by **August 9, 2019**, Zurich may submit a motion for attorney's fees, including affidavits and materials that support the amount sought.

**ENTERED** in Tampa, Florida, on July 15, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge