UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                Case No.: 8:14-cv-775-T-23AAS

JOHN EDWARD WALKER HARDIN,
LEASING RESOURCES OF AMERICA 4,
INC., and COHESIVE NETWORKS, INC.,

    Defendants.
_____/

## ORDER

The court granted Plaintiff Zurich American Insurance Company's (Zurich) request for an award of attorney's fees under Fed. R. Civ. P. 37(a)(5). (Doc. 353).[1] Zurich now seeks an award of $18,247 in attorney's fees. (Doc. 360). Defendant John Edward Walker Hardin opposes the motion. (Doc. 364).

Upon review of the billing records, the court agrees with Hardin's expert, Charles A. Carlson, Esq., that Zurich's attorneys spent more than a reasonable number of hours on work performed. As Carlson stated, counsel billed an excessive amount of hours on research for this relatively simple discovery dispute. The court adopts the number of hours reflected in Carlson's table. (*See* Doc. 364, Ex. 1).

---

[1] Defendant John Edward Walker Hardin objected to the order granting Zurich's motion to compel and award of attorney's fees. (Doc. 355). The court overruled Hardin's objections. (Doc. 373).

Specifically, the court reduces the hours for attorneys Steven Whitmer, Julie Young, and Lauren Faulk to 0.6, 20.5, and 8.9, respectively.

Zurich requests hourly rates of $613, $553, and $310 for Whitmer, Young, and Faulk, respectively. (Doc. 360-1). The proposed hourly rates are excessive. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In addition, the court may consult its own experience. *Id.* at 1303. The party seeking attorney's fees bears the burden of establishing that the rate requested is reasonable. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

As support for the requested hourly rates, Zurich provides Young's affidavit. (Doc. 360-1). Young's affidavit is not sufficient evidence of the market rates in this district. Young states she "is familiar with the marketplace in Chicago, Illinois for the relevant period." (*Id.* at p. 2). However, the relevant legal community is where the case is filed—Tampa, Florida. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

Without Young's affidavit, Zurich provides no other support for its proposed hourly rates. It is Zurich's burden to provide evidence for the billable rate in the relevant market. *See Norman*, 836 F.2d at 1299 (citations omitted). Zurich failed to satisfy its burden to establish the reasonableness of the rates requested.

Considering the skill required for the motion to compel and its related filings,

as well as counsels' years of experience, the court agrees with Carlson that the appropriate hourly rates in the relevant market for attorneys Whitmer, Young, and Faulk are $450, $420, and $250, respectively. (Doc. 364, Ex. 1). Thus, an award of $11,105 ((0.6 x 450) + (20.5 x 420) + (8.9 x 250)) is reasonable. This award encompasses the underlying motion to compel and all related filings.

Zurich's Motion for Attorney's Fees (Doc. 353) is **GRANTED in part and DENIED in part**. Zurich is awarded reasonable attorney's fees in the amount of $11,105, to be paid within thirty days from the date of this order.

**ORDERED** in Tampa, Florida on October 18, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge