UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.
                              Case No.: 8:14-cv-775-T-23AAS

JOHN EDWARD WALKER HARDIN,
LEASING RESOURCES OF AMERICA 4,
INC., and COHESIVE NETWORKS, INC.,

    Defendants.
_____/

## ORDER

Zurich American Insurance Company (Zurich) moves to bar documents not produced during fact discovery, bar expert opinions based on those documents, and for monetary sanctions. (Doc. 381). John Edward Walker Hardin, Leasing Resources of America 4, Inc. (Learning Resources), and Cohesive Networks, Inc. (Cohesive) (collectively, the defendants) oppose the motion. (Doc. 385). Zurich replied in response to the defendants' opposition. (Doc. 394).

I.    BACKGROUND

Zurich obtained judgments against Leasing Resources for over $4.7 million following a jury trial and verdict in Zurich's favor. (Docs. 162, 173, 178). Zurich alleges it collected only a small fraction on the judgments because Hardin, the sole owner of Leasing Resources, depleted Leasing Resources' assets and transferred Leasing Resources' business to Cohesive, another entity owned by Hardin. (Doc. 306). Zurich initiated these supplementary proceedings to hold Hardin and Cohesive

1

responsible for Leasing Resources' debt based on the doctrines of alter ego and successor liability. (Docs. 298, 305).

Discovery closed on October 2, 2019, with written discovery due by August 30, 2019 and fact depositions completed by October 2, 2019. (Doc. 354). Expert disclosures were due by November 15, 2019. (Doc. 372). On the expert disclosure deadline, the defendants disclosed Byron Shinn as their accounting expert. (Doc. 391, Ex. 3). On November 25, 2019, Zurich served a subpoena for deposition and requested the documents Shinn considered for his expert report. (Doc. 381, Ex. 4).

The Friday afternoon before Shinn's Monday morning deposition, the defendants produced to Zurich the documents the defendants provided to Shinn. After comparing the documents provided to Shinn and those produced to Zurich in discovery, Zurich determined that the defendants provided Shinn with 319 documents not produced to Zurich. (*See* Doc. 381, Exs. 6-8). The withheld documents include accounting, financial, and corporate records of the defendants and their related companies. (*Id.*). Shinn testified he relied on some of these documents in formulation of his opinions. (Doc. 381, Ex. 1, pp. 150-52, 192-93, 195-97).

Zurich now moves to bar the defendants from introducing the withheld documents at trial, to bar Shinn from offering any opinions related to the withheld documents, and for monetary sanctions for reasonable expenses, including attorney's fees, incurred due to the defendants' discovery violation. (Doc. 381).

## II. ANALYSIS

Rule 26 requires a party provide to the opposing party all documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The defendants did not properly disclose the subject documents under Rule 26.

Federal Rule of Civil Procedure 34 requires production of documents within thirty days after service of a request for production and requires the parties to timely supplement incomplete responses. *See* Fed. R. Civ. P. 34(b)(2)(A) and 26(e). Zurich originally requested the subject documents via Rule 34 requests on January 28, 2019 and did not receive them until December 13, 2019. (Doc. 381, Ex. 9).

Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[1] "The burden of

---

[1] District courts have noted that substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. *Taylor v. Dean*, No. 5:05-CV-397-OC-10GRJ, 2007 WL 7622152, at *3 (M.D. Fla. Jan. 19, 2007) (citations and quotations omitted). Other courts have noted that a party's misconduct is harmless if it involves an honest mistake coupled with sufficient knowledge by the

3

establishing that a failure to disclose or comply was substantially justified or harmless rests on the non-disclosing party." *Potish v. PJ. Reynolds Tobacco Co.*, No. 15-81171-CV, 2017 WL 5952892, at *2 (S.D. Fla. Nov. 30, 2017).

"The court has broad discretion in determining whether a party's failure to disclose discovery materials is either substantially justified or harmless." *Rodriguez v. Estero Fire Rescue*, No. 2:13-cv-452-FtM-29CM, 2014 WL 3908165, at *2 (M.D. Fla. Aug. 11, 2014). The court "consider[s] the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x. 328, 340 (11th Cir. 2009).

The defendants' failure to timely provide the subject documents is neither substantially justified nor harmless. To justify the untimely production, the defendants shift the burden to Zurich to have recreated the documents or to have asked for them in alternative ways. (Doc. 385). For example, the defendants contend the information in the general ledgers provided to Shinn was available in bank and credit card statements provided to Zurich by the defendants and third parties. (*Id.* at p. 9.). However, according to Zurich, those statements total over 17,000 pages. Creating the general ledges provided to Shinn would require hundreds of hours by Zurich. The defendants also contend that the quarterly statements provided to Shinn were attached to DBPR filings, and Zurich did not request DBPR filings. (Doc. 385,

---

other party of the material that has not been produced. *Stallworth v. E–Z Serve Convenience Stores*, 199 F.R.D. 366, 369 (M.D. Ala. 2001).

4

pp. 7-8). Zurich's document requests sought "quarterly, and annual statements." Attaching the quarterly statements to the DBPR filings does not make them less discoverable.

Zurich would be prejudiced if the defendants rely on the withheld documents. Zurich timely disclosed two expert and both experts relied on the defendants' previously produced accounting, financial, and corporate records. (Doc. 384, Exs. 11, 12). Neither of Zurich's two experts had an opportunity to review the withheld documents before forming their opinions. Zurich's counsel also could not question witnesses about the withheld documents when Zurich deposed eight fact witness.

The defendants contend Zurich could have cured the untimely disclosure through its subsequent rebuttal expert reports. (Doc. 385, p. 14). Rebuttal expert reports are only appropriate to rebut opposing opinions, not create new ones. *See Bradenton Beauty & Barber Acad., Inc. v. First Nat'l Ins. Co. of Am.*, No. 8:16-CV-456-T-27JSS, 2017 WL 2868405 (M.D. Fla. Apr. 6, 2017). Thus, responding to the withheld documents in the rebuttal reports will not overcome the prejudice to Zurich.

Compliance with the disclosure rules "is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (affirming exclusion of expert affidavit for failure to comply with Rule 26's disclosure requirements) (citation omitted). "When a party fails to comply with Rule 26, the sanction of exclusion [under Rule 37(c)] is automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless." *Cook v. Royal Caribbean Cruises, Ltd.*, No. 11-20723-CIV, 2012 WL 2319089, at *3 (S.D. Fla. June 15, 2012).

5

The defendants' late disclosure deprived Zurich "of a meaningful opportunity to perform discovery and depositions related to the documents in question." *Belen Jesuit Preparatory School, Inc.*, 2016 WL 4718161, at *2 (citing *Berryman-Dages v. City of Gainesville Fla.*, No. 1:10cv177-MP-GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012)); *see also Bizrocket.com, Inc. v. Interland, Inc.*, No. 04-60706-CIV, 2005 WL 6745904 (S.D. Fla. Aug. 24, 2005) (excluding expert witness when his report was based on document produced after the close of discovery). The only appropriate cure at this stage of the litigation is to bar the withheld documents and Shinn's expert opinions based on them.

"In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). Zurich requests monetary sanctions because it "incurred considerable time and expense: (a) getting to the bottom of whether Defendants produced the documents at issue during discovery, (b) deposing Shinn about his opinions based on those documents, (c) conferring with Defendants about their discovery misconduct, and (d) preparing this motion." (Doc. 381, p. 12). Hardin does not expressly argue against monetary sanctions but argues Zurich was not prejudiced by the late disclosure of the withheld documents. (Doc. 385, pp. 13–14).

Monetary sanctions for reasonable expenses, including attorney's fees, incurred because of the defendants' discovery violation are appropriate here. *See*

6

*Harris Corp. v. Ruckus Wireless, Inc.,* No. 6:11-CV-618-ORL-41, 2015 WL 3671355, at *9 (M.D. Fla. June 12, 2015). Zurich's reasonable expenses are limited to attorney's fees and other costs incurred conferring with Hardin's counsel about the withheld documents and preparing this motion and reply.

## III. CONCLUSION

Zurich's Motion to Bar Documents Not Produced During Fact Discovery, Bar Expert Testimony Based on Those Documents, and for Monetary Sanctions (Doc. 381) is **GRANTED**. The defendants may not introduce the withheld documents at trial and their accounting expert Byron Shinn is precluded from offering any opinions based on the withheld documents. By **March 24, 2020**, the parties must confer in good faith to attempt to stipulate to a monetary sanction to reimburse Zurich for its reasonable expenses, including attorney's fees, incurred conferring with Hardin's counsel and preparing the motion and reply. If the parties fail to stipulate, Zurich may submit a motion with an affidavit and fees records or other materials supporting the amount sought.

**ORDERED** in Tampa, Florida on March 10, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge